HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124
pharvey@harveysiskind.com

Attorneys for Plaintiff,
PIOLÍN PRODUCTIONS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| PIOLÍN PRODUCTIONS, INC., a California corporation, | Case No. |
| Plaintiff, | COMPLAINT FOR CYBERPIRACY AND FALSE DESIGNATION OF ORIGIN |
| v. | DEMAND FOR JURY TRIAL |
| ALVARO VELEZ, and DOES 1-25, | |
| Defendants. | |

Plaintiff Piolín Productions, Inc. (hereinafter variously referred to as "Plaintiff" and "Piolín Productions"), for its Complaint against Defendant Alvaro Velez and Does 1-25 (collectively, "Defendants"), alleges as follows:

This action arises from Defendants' use in commerce of the Internet domain name Piolimovil.com that is virtually identical to Piolín Productions' well-known mark PIOLÍMOVIL. "Piolín" is the nickname of radio personality Eduardo "Piolín" Sotelo, host of a nationally-syndicated Spanish-language radio show. In many of the markets where Piolín is broadcast, the local radio stations maintain vehicles for promotional events that are decorated with Piolín's name and likeness. Each of these vehicles is called a "Piolímovil." Through long usage and substantial advertising and

1 promotion, the consuming public has come to identify Plaintiff's PIOLÍN and PIOLÍMOVIL marks

2 as uniquely referring to Plaintiff's services, specifically including Mr. Sotelo and his radio show.

3 Defendants have no relation to Piolín Productions and are not authorized to use the PIOLÍN or

4 PIOLÍMOVIL marks. Defendants registered and use in commerce the domain name Piolimovil.com,

5 relying on consumer confusion with Plaintiff's marks to drive user traffic to Defendants' site.

6 Plaintiff accordingly seeks injunctive relief and damages, including punitive damages for Defendants'

7 willful violation of Plaintiff's intellectual property rights.

### JURISDICTION

9     1.     This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338 because this

10 action arises under the trademark laws of the United States, 15 U.S.C. §1051, *et seq.*

### VENUE

12     2.     Venue is proper under 28 USC §1391(b) because a substantial part of the events or

13 omissions giving rise to this action occurred in this judicial district.

### INTRADISTRICT ASSIGNMENT

15     3.     This division is proper because this action arises in San Francisco County, California.

16 A substantial part of the events or omissions giving rise to this action occurred in San Francisco

17 County.

### THE PARTIES

19     4.     Plaintiff Piolín Productions is a California corporation with its principal place of business

20 in Calabasas, California.

21     5.     Upon information and belief, defendant Alvaro Velez is an individual who resides in

22 Norwalk, Connecticut.

23     6.     Piolín Productions is presently ignorant of the true names and capacities of defendants

24 sued herein as Does 1-25 and therefore sues these defendants by such fictitious names. Piolín

25 Productions will amend its Complaint to allege these defendants' true names and capacities when

26 ascertained.

27

28

-2-

COMPLAINT FOR CYBERPIRACY AND FALSE DESIGNATION OF ORIGIN

7.    At all times herein mentioned, each defendant was the agent, employee, partner, joint venturer, aider and abettor, alter ego, and co-conspirator of or with each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each defendant directed, ratified and approved the acts of the remaining Defendants.

## FACTS

8.    Eduardo "Piolín" Sotelo is a radio personality who has been in broadcasting since 1989.  Mr. Sotelo acquired the nickname "El Piolín" in 1988 and has since been continuously associated with that name.  Mr. Sotelo p/k/a Piolín is the host of the highly successful Spanish language radio show "Piolín por la Mañana," the number-one rated radio morning program in Los Angeles, California.  Piolín is presently on the air for seven hours per day, six days per week.  His show is syndicated throughout the United States and enjoys high ratings.  Piolín has hosted "Piolín por la Mañana" since 2001.

9.    The producers of "Piolín por la Mañana," acting on behalf of Plaintiff, maintain a fleet of vehicles, each known as a "Piolímovil," that bear the name and likeness of Piolín.  Only advertising related to Piolín and his show are permitted on a Piolímovil.  "Los Piolímoviles" travel throughout the media markets where "Piolín por la Mañana" is broadcast to facilitate the show's promotional events.  In Los Angeles, for example, there are approximately six Piolímovil vehicles. These vehicles are highly visible and commonly known among the show's audience, both in Los Angeles and nationally.  Piolímovil vehicles have been in existence by that name since 2002. Through long usage and substantial advertising and promotion, the marks PIOLÍN and PIOLÍMOVIL have acquired secondary meaning, i.e., they uniquely refer to Plaintiff and its services, i.e., Eddie "Piolín" Sotelo and his radio program, in the minds of the consuming public.  Mr. Sotelo assigned ownership of the PIOLÍN and PIOLÍMOVIL marks, among others, to Piolín Productions in October 2007.

10.    On information and belief, Defendants registered the domain name Piolimovil.com on June 7, 2007.  Defendants used the domain name registrar Melbourne IT, Ltd.., d/b/a Internet Names

-3-
COMPLAINT FOR CYBERPIRACY AND FALSE DESIGNATION OF ORIGIN

Worldwide. Defendants currently operate a Spanish-language ecommerce website under the domain name Piolimovil.com, offering for sale clothing and western wear. The site is aimed at Spanish-speaking consumers and sells products organized by Latin American country. The site initially featured an unauthorized image of Mr. Sotelo and the word "Piolítienda" (or "Piolín store"), though Defendants removed said content after being contacted by Plaintiff's counsel.

11. Defendants' domain name Piolimovil.com is virtually identical to Piolín Production's mark, PIOLÍMOVIL. Piolín's radio program is broadcast in Spanish and is marketed to a Spanish-speaking audience. Given the Piolimovil.com site's content and items for sale, on information and belief Defendants intentionally rely on the goodwill associated with Piolín Production's mark and consumer confusion to encourage visitors to Defendants' site. Piolín Productions has not authorized Defendants to use Piolimovil.com.

## FIRST CAUSE OF ACTION
### Cyberpiracy
### (15 U.S.C. § 1125(d))

12. Piolín Productions realleges and incorporates by reference the allegations of Paragraphs 1 through 11.

13. Piolín Productions owns and, since 2002, has continuously and exclusively used the service mark PIOLÍMOVIL. PIOLÍMOVIL has been used on the air in conjunction with the syndicated radio program "Piolín por la Mañana" since 2002.

14. Defendants registered the domain name Piolimovil.com on June 7, 2007, approximately five years after Eddie "Piolín" Sotelo established ownership of and exclusive right to the marks PIOLÍN and PIOLÍMOVIL. Said marks have since been assigned to Plaintiff.

15. The domain name Piolimovil.com is virtually identical to the mark PIOLÍMOVIL.

16. Defendants have a bad faith intent to profit from Plaintiff's marks by acquiring, using and maintaining the domain name in connection with the offering of Defendants' goods for sale, long after Plaintiff established its exclusive rights in the marks.

17.    Defendants, in registering and using the domain name, intend to divert consumers away from authorized Piolín web sites to a web site that harms the goodwill of the mark PIOLÍMOVIL and other marks owned by Piolín Productions.  This is further evidence of Defendants' bad faith.

18.    After Piolín Productions requested the transfer of the domain name Piolimovil.com on August 27, 2007, Defendants demanded payment of $3,000.   This demand constitutes further evidence of Defendants' bad faith.

19.    As a result of Defendants' cyberpiracy, Piolín Productions has suffered damages in an amount to be determined at trial.

20.    As a result of Defendants' cyberpiracy, Piolín Productions has also suffered irreparable injury to its business, reputation, and goodwill.  Plaintiff has no control over Defendants' use of the domain name, which is entirely unauthorized.  Piolín Productions will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

21.    Upon information and belief, Defendants' infringement of Piolín Productions' service marks is willful and intentional.

22.    The willful and intentional nature of Defendants' infringement makes this an exceptional case under 15 USC § 1117(a), entitling Plaintiff to an award of enhanced damages and attorneys' fees.

## SECOND CAUSE OF ACTION
### False Designation of Origin
### (15 U.S.C. § 1125(a))

23.    Piolín Productions realleges and incorporates by reference the allegations of Paragraphs 1 through 22.

24.    Defendants' website domain name, Piolimovil.com, is likely to cause confusion and mistake among consumers that Defendants' website is affiliated with, connected to, or associated with Piolín Productions.

25.     Defendants' unauthorized use in commerce of Piolimovil.com, which is virtually identical to Piolín Productions' mark PIOLÍMOVIL, falsely suggests that Defendants' website is connected with, sponsored by, affiliated with, or related to Piolín Productions.

26.     Defendants' unauthorized use of Piolímovil.com constitutes a false designation of origin under 15 U.S.C. §1125(a).

27.     Upon information and belief, Defendants' false designation of origin was willful and intentional.

28.     The willful and intentional nature of Defendants' false designation of origin makes this an exceptional case pursuant to 15 USC § 1117(a), entitling Plaintiff to an award of enhanced damages and attorneys' fees.

29.     As a result of Defendants' false designation of origin, Piolín Productions has suffered damages in an amount to be determined at trial.

30.     As a result of Defendants' false designation of origin, Piolín Productions has also suffered irreparable injury to its business, reputation, and goodwill.  Piolín Productions will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

## PRAYER FOR RELIEF

Wherefore, Piolín Productions prays for a judgment:

1.     Compelling Defendants, and all of their respective officers, directors, employees, agents, and representatives, to transfer the domain name Piolimovil.com to Piolín Productions; and enjoining said parties from obtaining, maintaining and using in commerce any domain name that incorporates or is suggestive of any mark owned by Piolín Productions; and from doing any act or thing likely to confuse or to deceive consumers into believing that there is some affiliation or other connection between Defendants and Piolín Productions;

2.     Requiring Defendants to file with this Court and serve upon Piolín Productions within thirty (30) days after entry of the foregoing injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

COMPLAINT FOR CYBERPIRACY AND FALSE DESIGNATION OF ORIGIN

1        3.     Requiring Defendants to account for and disgorge to Piolín Productions all of the profits

2  realized by Defendants, or others acting in concert or participating with Defendants, as a result of

3  Defendants' infringement of Piolín Productions' rights;

4        4.     Awarding Piolín Productions compensatory damages, plus interest, in an amount to be

5  determined;

6        5.     Awarding Piolín Productions three times Defendants' profits from its use of Piolín

7  Productions' trademark, or three times Piolín Productions' actual damages, whichever is greater, under

8  15 U.S.C. §1117(a);

9        6.     Awarding Piolín Productions its attorney's fees in connection with this action pursuant

10  to 15 U.S.C. §1117.

11        7.     Awarding Piolín Productions its costs in this action, plus interest; and

12        8.     Granting Piolín Productions such other and further relief as the Court deems just and

13  proper.

14                        **DEMAND FOR JURY TRIAL**

15     Piolín Productions hereby demands trial by jury of all issues so triable.

16  Dated: October___, 2007                   Respectfully submitted,

17                                HARVEY SISKIND LLP

18

19                                By: _____

20                                     D. Peter Harvey

21                              Attorneys for Plaintiff,
PIOLÍN PRODUCTIONS, INC.

22

23

24

25

26

27

28

COMPLAINT FOR CYBERPIRACY AND FALSE DESIGNATION OF ORIGIN

1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

3  parties, there is no such interest to report.

4  Dated: October 12, 2007                    Respectfully submitted,

5

6                                             HARVEY SISKIND LLP

7                                             By:

8                                                  D. Peter Harvey

9                                             Attorneys for Plaintiff
                                              PIOLÍN PRODUCTIONS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR CYBERPIRACY AND FALSE DESIGNATION OF ORIGIN