
HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
MATTHEW A. STRATTON (SBN 254080)
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124
pharvey@harveysiskind.com
mstratton@harveysiskind.com

Attorneys for Plaintiff,
PIOLÍN PRODUCTIONS, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PIOLÍN PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALVARO VELEZ, and DOES 1-25,<br><br>Defendants. | Case No. C 07-05245 JCS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT**<br><br>Hearing Date: February 29, 2008<br>Time: 9:30 AM<br>Before: Hon. Joseph C. Spero |

**I.     FACTS AND PROCEDURAL BACKGROUND**

**A.     Nature and Status of the Case**

Plaintiff Piolín Productions, Inc. (hereinafter variously referred to as "Plaintiff" and "Piolín Productions") brought this action for cyberpiracy and false designation of origin against Defendant Alvaro Velez (hereinafter variously referred to as "Defendant" and "Velez") on October 15, 2007. Notwithstanding personal service, Velez has failed to respond to Piolín Productions' Complaint and

-1-

has failed otherwise to appear in the case. Piolín Productions now requests entry of default judgment for the relief requested in the Complaint.

**B.      Statement of the Facts**

Eduardo "Piolín" Sotelo is a radio personality who has been in broadcasting since 1989. (Declaration of Jeannette Boudreau, hereinafter referred to as "Boudreau Dec.," ¶ 3.) Mr. Sotelo acquired the nickname "El Piolín" in 1988 and has since been continuously associated with that name. (*Id.*) Mr. Sotelo p/k/a Piolín is the host of the highly successful Spanish language radio show "Piolín por la Mañana," the number-one rated radio program in the United States, regardless of language. (*Id.*) Piolín is presently on the air for seven hours per day, six days per week. His show is syndicated throughout the United States and enjoys high ratings. Piolín has hosted "Piolín por la Mañana" since 2001. (*Id.*)

A number of the major radio stations that broadcast "Piolín por la Mañana," acting on behalf of Plaintiff, maintain a fleet of vehicles, each known as a "Piolímovil," that bear the name and likeness of Piolín. (Boudreau Dec., ¶ 4.) Only advertising related to Piolín and his show are permitted on a Piolímovil. "Los Piolímoviles" travel throughout the media markets where "Piolín por la Mañana" is broadcast to facilitate the show's promotional events. In Los Angeles, for example, there are approximately six Piolímovil vehicles. (*Id.*) These vehicles are highly visible and commonly known among the show's audience, both in Los Angeles and nationally. Piolímovil vehicles have been in existence by that name since 2002. (*Id.*) Through long usage and substantial advertising and promotion, the marks PIOLÍN and PIOLÍMOVIL have acquired secondary meaning, i.e., they uniquely refer to Plaintiff and its services, i.e., Eddie "Piolín" Sotelo and his radio program, in the minds of the consuming public. Mr. Sotelo assigned ownership of the PIOLÍN and PIOLÍMOVIL marks, among others, to Piolín Productions in October 2007. (Boudreau Dec., ¶ 5.)

Notwithstanding Piolín Productions' exclusive rights in the PIOLÍN and PIOLÍMOVIL marks, Velez registered the domain name Piolimovil.com on June 7, 2007. (Declaration of Matthew A. Stratton, hereinafter referred to as "Stratton Dec.," ¶ 8.) Defendant used the domain name registrar Melbourne IT, Ltd.., d/b/a Internet Names Worldwide. (*Id.*) Following registration, Defendant

-2-

operated a Spanish-language ecommerce website under the domain name Piolimovil.com, offering for sale clothing and western wear. (Boudreau Dec., ¶ 6.) The site was aimed at Spanish-speaking consumers and sold products organized by Latin American country. The site initially featured an unauthorized image of Mr. Sotelo and the word "Piolítienda" (or "Piolín's store"), though Defendant removed said content after being contacted by Plaintiff's counsel. (*Id.*)

Velez's domain name Piolimovil.com is virtually identical to Piolín Production's mark, PIOLÍMOVIL. Piolín's radio program is broadcast in Spanish and is marketed to a Spanish-speaking audience. Given the Piolimovil.com site's content and items for sale, Defendant intentionally relied on the goodwill associated with Plaintiff's mark and consumer confusion to encourage visitors to Defendant's site. Plaintiff has not authorized Defendant to use Piolimovil.com. (Boudreau Dec., ¶ 7.)

Counsel for Piolín Productions contacted Velez in an effort to reach an amicable solution. When Plaintiff's counsel requested the transfer of the domain name Piolimovil.com on August 27, 2007, Defendant demanded payment of $3,000. (Boudreau Dec., ¶ 8.)

As a consequence Piolín Productions filed this action against Velez for cyberpiracy (15 U.S.C. § 1125(d)) and false designation of origin (15 U.S.C. § 1125(a)) under the trademark laws of the United States. Defendant has failed to respond to Plaintiff's Complaint or otherwise to make an appearance in the case. (Stratton Dec., ¶ 4.) Plaintiff now seeks entry of default judgment for the relief requested in the Complaint, which includes (1) transfer of the domain name Piolimovil.com from Velez to Piolín Productions and (2) a permanent injunction preventing Velez from obtaining and using any domain name that incorporates or is suggestive of any mark owned by Piolín Productions or otherwise confusing or deceiving consumers into believing that there is some affiliation or other connection between Velez and Piolín Productions.

## II.  JURISDICTION AND VENUE ARE PROPER

This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338 because this action arises under the trademark laws of the United States, 15 U.S.C. §1051, *et seq*.

1    This Court has personal jurisdiction over Defendant pursuant to California Code of Civil
2    Procedure § 410.10. As noted above, Defendant has used Piolimovil.com as an interactive
3    commercial retail website; i.e., visitors located in California have been able to select and purchase
4    clothing and other items online. Similarly, domain name registrar Melbourne IT, Ltd.., d/b/a Internet
5    Names Worldwide ("Melbourne IT") maintains an office at 1900 Powell Street, Suite 1070,
6    Emeryville, California 94608, located within this judicial district. (Stratton Dec., ¶ 8.)

7    Venue is proper under 28 USC §1391(b) because a substantial part of the events or omissions
8    giving rise to this action occurred in this judicial district.

### III. PIOLÍN PRODUCTIONS IS ENTITLED TO A DEFAULT JUDGMENT FOR THE RELIEF REQUESTED IN THE COMPLAINT

The entry of a default judgment is appropriate because Defendant has failed to respond in the many weeks since service was effectuated on November 1, 2007. (Fed.R.Civ.P 55(b)(2).) The granting of a default judgment under Rule 55(b)(2) is within the sound discretion of the Court, and may be based on such factors as the plaintiff's showing of an entitlement to relief, the nature of the relief requested, and prejudice to the plaintiff. (Moore's Federal Practice (2d ed. 1985) § 55.05[2] at §55—24, 25.)

**A.   Piolín Productions Has Established Cyberpiracy**

Under 15 U.S.C. §1125(d)(1)(A):

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person--
>    (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>    (ii) registers, traffics in, or uses a domain name that--
>     (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
>     (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark;

Velez registered Piolimovil.com on June 7, 2007, using domain name registrar Melbourne IT, Ltd., d/b/a Internet Names Worldwide. (Stratton Dec., ¶ 8.) At the time of registration, Plaintiff had owned the marks PIOLÍN and PIOLÍMOVIL for approximately five years. Piolímovil vehicles have

-4-

been in existence by that name since 2002. (Boudreau Dec., ¶ 4.) Each such vehicle bears advertising related to Piolín and his show and no other advertising is permitted. These highly visible Piolímovil vehicles exist in many of the media markets where "Piolín por la Mañana" is broadcast and are well-known among listeners of the show. (*Id.*) Through long usage and substantial advertising and promotion by Plaintiff, the marks PIOLÍN and PIOLÍMOVIL have acquired secondary meaning, i.e., they uniquely refer to Plaintiff and its services, i.e., Eddie "Piolín" Sotelo and his radio program, in the minds of the consuming public.

It is apparent that Velez had a bad faith intent to profit from Piolín Productions' mark. In making this determination, 15 U.S.C. §1125(d)(1)(B) suggests considering a number of factors. Among those is whether "(V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site."

Here, Velez sought to do exactly that. He picked a domain name identical to a mark owned by Plaintiff, a major media figure in the Spanish-speaking community, and used it to establish a Spanish-language retail website. He even briefly featured an unauthorized image of Mr. Sotelo and the word "Piolítienda" (or "Piolín's store"). (Boudreau Dec., ¶ 6.) Defendant registered Piolimovil.com, a domain name unrelated to his own name or identity, in order to confuse consumers as to the source, sponsorship, affiliation, or endorsement of the site. Piolimovil.com is virtually identical to Plaintiff's mark PIOLÍMOVIL.

The indicia of "bad faith intent to profit" listed under 15 U.S.C. §1125(d)(1)(B) is nonexclusive and courts may consider other factors deemed relevant. *Interstellar Starship Servs. v. Epix, Inc.*, 304 F.3d 936, 946 (9th Cir. 2002). Some courts have found a registrant's offer to sell a domain name to the rightful owner of the mark as evidence of bad faith intent to profit. See *BroadBridge Media, L.L.C. v. Hypercd.com*, 106 F. Supp. 2d 505, 512 (D.N.Y. 2000); *Morrison & Foerster LLP v. Wick*, 94 F. Supp. 2d 1125, 1132 (D. Colo. 2000). Here, Defendant demanded $3,000 after Plaintiff requested that Defendant cease his infringing use and transfer the domain name

-5-

to Plaintiff. (Boudreau Dec., ¶ 8.) Defendant's demand for substantial payment before any transfer of the domain name is further evidence of his bad faith intent to profit from his registration of a domain name virtually identical to another's mark.

**B.     Piolín Productions Is Entitled to Relief**

Based on the foregoing, it is clear that Velez has infringed Piolín Productions' trademark rights through cyberpiracy. As remedies for such infringement, Plaintiff seeks a Court order requiring the transfer of the domain name Piolimovil.com from Alvaro Velez to Piolín Productions Inc. Courts have the power to order the transfer of a domain name pursuant to 15 U.S.C. § 1125(d)(1)(C) ("In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark."). Courts have not hesitated to use this power when appropriate. See *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 626 (D. Va. 2003); *Pinehurst, Inc. v. Wick*, 256 F. Supp. 2d 424, 433 (D.N.C. 2003). Melbourne IT, the domain name registrar of Piolimovil.com, states in its policies that it will transfer a domain name "on receipt of an order from a court or arbitral tribunal, in each case of competent jurisdiction, requiring such action." (Stratton Dec., ¶ 9.)

The Plaintiff also seeks a permanent injunction preventing Alvaro Velez from obtaining and using any domain name that incorporates or is confusingly similar to any mark owned by Piolín Productions Inc. pursuant to 15 U.S.C. § 1125(d)(3) ("The civil action established under paragraph (1) … and any remedy available under either such action, shall be in addition to any other civil action or remedy otherwise applicable."). Similarly, courts have imposed injunctions prohibiting future infringement in conjunction with ordering the transfer of a domain name. *Id.* at 433.

///
///
///
///
///

-6-

## IV. CONCLUSION

For the reasons set forth above, Plaintiff Piolin Productions respectfully requests this Court to enter a default judgment against Defendant Alvaro Velez.

Dated: January 25, 2008

Respectfully submitted,

HARVEY SISKIND LLP

By: _____/s/_____
Matthew A. Stratton

Attorneys for Plaintiff,
PIOLÍN PRODUCTIONS, INC.