United States District Court
For the Northern District of California

**E-FILED on: 8/8/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PIOLÍN PRODUCTIONS, INC., a California corporation,

Plaintiff,

v.

ALVARO VELEZ, and DOES 1-25

Defendants.

No. C-07-05245 RMW

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

**[Re Docket Nos. 14, 22]**

Plaintiff Piolín Productions, Inc. applies for entry of default judgment against the only named defendant, Alvaro Velez. On April 25, 2008, Magistrate Judge Spero heard the application and requested further briefing, which he received on May 2, 2008. He then issued a report and recommendation suggesting that the district court grant the application, but narrowing the scope of the requested injunctive relief. *See* Docket No. 22 (May 7, 2008) (hereinafter "Report"). Because Mr. Velez has never appeared (and thus could not consent to the magistrate judge's jurisdiction), the case was reassigned on May 7, 2008 to this court.

No objections have been filed. This court's *de novo* review of the facts is limited to "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P.

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT—No. C-07-05245 RMW
TSF

72(b)(2). Of course, a party that has never made an appearance also cannot file an objection to the magistrate judge's report and recommendation. To be cautious then, the court has reviewed *de novo* the entirety of Judge Spero's report regarding the facts, and the court adopts it in full. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While [the law] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." (internal citation omitted)). The court has also reviewed Judge Spero's recommendation *de novo*, and adopts it in full as well.

The court makes the following additional observations to augment Judge Spero's report and recommendation. Judge Spero found that the trademark "Piolímovil" "is distinctive." Report, 5:16-17. The applicable law forbidding cyberpiracy only reaches conduct that "registers, traffics in, or uses a domain name" that is confusingly similar to a mark that was distinctive at the time of the challenged conduct. *See* 15 U.S.C. § 1125(d)(1)(A)(ii)(I). The challenged conduct in this case was Mr. Velez's registration of "www.piolimovil.com" on June 7, 2007. Compl. ¶ 10. Reviewing the factual record presented by Piolín, it is clear that the mark "Piolímovil" is distinctive now and was distinctive prior to June 7, 2007, even though it was not yet formally registered.

The court also requested supplemental briefing from Piolín to address whether this court has personal jurisdiction over Mr. Velez. The court finds that by his operation of the piolimovil.com website and offering to ship goods to consumers in California, Mr. Velez purposefully availed himself of this forum. Mr. Velez's operation of the piolimovil.com website is not comparable to that in *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006), in part because there does not appear to be any comparably innocent explanation for the registration of the domain name in this case. Absent such an explanation, it is reasonable to infer that Mr. Velez intended consumers in California (as well as other places) to associate his online operation with Piolín and to therefore conclude that Mr. Velez targeted this district. Mr. Velez's cybersquatting arises from the operation of the website,

**United States District Court**
For the Northern District of California

and the exercise of jurisdiction over Mr. Velez is reasonable in this case. *Compare with Panavision Int'l, L.P v. Toeppen*, 141 F.3d 1316 (9th Cir. 1997).[1]

With these additions, the court grants Piolín's motion and will enter default judgment in favor of Piolín. The court will also order Mr. Velez and the domain name registrar to transfer the domain name Piolimovil.com to Piolín.

DATED: 8/8/2008

RONALD M. WHYTE
United States District Judge

---

1 The court does not find Mr. Velez's registration of the domain name with an Australian company (that happens to have an office in this district) or Mr. Velez's offer to sell the domain name to Piolín (when Piolín did not own the marks in question) to be probative regarding the exercise of personal jurisdiction.

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

D. Peter Harvey pharvey@harveysiskind.com
Matthew Alexander Stratton mstratton@harveysiskind.com

**Counsel for Alvaro Velez:**

(No appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 8/7/2008

TSF
**Chambers of Judge Whyte**